**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 11– 51597

                                                 Hon. Paul D. Borman
v.                                       Magistrate Judge Laurie J. Michelson

THOMAS RAY TAYLOR,

        Defendant,

and

THE ELECTRICAL WORKERS JOINT
BOARDS OF TRUSTEES,

        Garnishee.

_____/

**REPORT AND RECOMMENDATION TO DENY**
**DEFENDANT'S OBJECTION TO WRIT OF GARNISHMENT**

Defendant Thomas Ray Taylor ("Defendant"), presently an inmate at the Federal

Correctional Institution in Morgantown, West Virginia, objects to and requests a hearing on a

continuing writ of garnishment served on the Electrical Workers Joint Boards of Trustees

("EWJBT") by Plaintiff United States of America ("Plaintiff" or "Government"). (Dkt. 5.) The

Government served the writ to collect on a restitution provision in Defendant's Criminal Judgment.

(Dkt. 5.) The matter has been referred to this Court for hearing and recommendation pursuant to 28

U.S.C. § 636(b)(3). (Dkt. 6.)[1] The Government filed a Response on February 15, 2012 (Dkt. 8) and

---

[1]This Court will proceed by Report and Recommendation on Plaintiff's post-judgment objections to garnishment. *See United States v. Beamon*, No. 09-11727, 2009 U.S. Dist. LEXIS 123092, *2 (Jan. 13, 2010) (citations omitted) *obj. overruled by* 2010 U.S. Dist. LEXIS 2628 (E.D. Mich. Jan. 13, 2010); *United States v. Wells*, No. 06-10589, 2006 U.S. Dist. LEXIS 83130, at *1 n.1 (Jul. 20, 2006) *report adopted by* 2006 U.S. Dist. LEXIS 83124 (E.D. Mich. Nov. 3, 2006).

the Court conducted a telephone hearing on March 14, 2012.  For the reasons set forth below and during the hearing, the Court RECOMMENDS that Defendant's objections be DENIED.

**I.      BACKGROUND**

On August 8, 2011, Defendant was sentenced to 12 months and 1 day imprisonment for pleading guilty to one count of Conspiracy to Obtain by Fraud and to Unlawfully Convert to the Use of Any Person Property of the Detroit Public Schools Valued at $5,000 or More, in violation of 18 U.S.C. §§ 666(a)(1)(A) and 371.  (Dkt. 8, Pl. Resp., Ex. A.)  Defendant was also ordered to pay $440,928 in restitution to the Detroit Public Schools system.  (*Id.*)  This payment was immediately due in full.  (*Id.*)  As of the date of the hearing on Defendant's objection to garnishment, the full amount of the restitution, with interest, remained owing.

On December 29, 2011, the Government filed an application for a continuing writ of garnishment directed to EWJBT.  (Dkt. 1.)  As a certified electrician, Defendant has some prior participation in the International Brotherhood of Electrical Workers.  (Pl. Resp. at Pg. ID 31.)  The writ was issued on December 30, 2011 (Dkt. 2) and the EWJBT filed an answer on January 19, 2012 (Dkt. 4).  In its answer, the EWJBT explains that (1) Defendant did not have enough years in service to become vested in the International Brotherhood of Electrical Workers Local Union 58 ("IBEW Local No. 158") Sound and Communications Retirement Fund, but (2) Defendant does have $10,626.84 in "accrued benefits" in the IBEW Local No. l58 Annuity Fund.  More specifically, the EWJBT provided the following information:

> IBEW Local No. 58 Annuity Fund
>
> 1.      The Annuity Fund is a multi-employer, defined contribution profit-sharing plan.
>
> 2.      Contributions to the Annuity Fund consist of negotiated

employer contributions, elective employee pre-tax deferrals contributions ("401 (k)" contributions) and elective employee after-tax contributions.

3.    Under the terms of the Annuity Fund's Plan, the value of Mr. Thomas' accrued benefit account, as of January 10, 2012, is **$10,626.84.**

4.    Mr. Thomas will be eligible to apply for and receive benefits from the Fund upon his retirement, disability or separation. Separation occurs if he works no hours in covered employment and the Annuity Fund receives no contributions (including any received as a reciprocity transfer) on his behalf for twelve (12) consecutive months and if he does not do any work as an electrician or as a non-bargaining unit employee in the geographic area of IBEW Local Union No. 58 during that time.

The Annuity Fund last received contributions for Mr. Thomas for the week ending September 10, 2011, meaning that, if all of the other eligibility requirements for a separation benefit are first met, he would be eligible for a separation benefit from the Annuity Fund on **October 1, 2012.**  In this regard, we are advised by legal counsel for the Funds that, while the United States may attach the funds in Mr. Thomas' accrued benefit account, the funds are only payable when he has a current, unilateral right to receive payments under the terms of the plan, because it is only then that he has a property interest in the funds.  *U.S. v. Belan*, 2008 U.S. Dist. LEXIS 55191, fn. 3 (E.D. Mich., June 13,2008) (*quoting U.S. v. Novak*, 476 F.3d 1041,1043 (9th Cir. 2007)).

(*Id*. at Pg ID 22-23 (emphasis in original).)

Defendant is currently scheduled for release from Morgantown FCI on September 27, 2012 – just a few days before his contributions to the IBEW Local No. 58 Annuity Fund will be subject to distribution if he does not have any covered hours prior to October 1, 2012.  (Pl. Resp. at Pg ID 31.)

On January 25, 2012, Defendant filed a "Request for Hearing About the Garnishment and

3

a Claim for Exemptions." (Dkt. 5.) Defendant claims that a garnishment is unnecessary because

he has "every intent to pay [his] debt" and is "willing to make payment arrangements." (*Id.* at Pg

ID 24.) Defendant also claimed that his property was (potentially) exempt from garnishment

pursuant to 18 U.S.C. § 3613. More specifically, he asserted the following exemptions that he

thought might apply once he was released from prison: wearing apparel and school books; fuel,

provisions, furniture, and personal effects; books and tools of a trade, business, or profession;

undelivered mail and certain annuity and pension payments. (*Id*. at Pg ID 25.)

In response, the Government argues that the writ of garnishment is continuing and has

attached to Defendant's right to receive a distribution from the Annuity Fund in October 2012. The

Government further argues that the claimed exemptions are not available to Defendant to protect this

distribution. (Pl. Resp. at Pg ID 32-33.)

## II.    ANALYSIS

The United States Attorney is responsible for the collection of criminal monetary penalties.

18 U.S.C. § 3612(c). The Mandatory Victim Restitution Act ("MVRA") allows the United States

to "enforce a judgment imposing a fine [or restitution] in accordance with the practices and

procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §

3613(a); *see also United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002) (finding that the

MVRA "provides the Government authority to enforce victim restitution orders in the same manner

that it recovers fines and by all other available means.") This section applies in this matter because

"all provisions of [18 U.S.C. § 3613] are available to the United States for the enforcement of an

order of restitution." 18 U.S.C. § 3613(f). Under this section, a judgment may be enforced against

"all property or rights to property of the person fined" except that certain property exempt from

taxation pursuant to I.R.C. § 6334(a)(1)-(8), (10), and (12) shall be exempt from enforcement of the judgment.  18 U.S.C. § 3613(a)(1).

Among the means available to the United States for enforcing criminal monetary penalties are the procedures of the Federal Debt Collection Procedures Act, which include garnishment procedures.  28 U.S.C. § 3205.  In order to satisfy a judgment against the debtor – i.e., to collect the restitution owed – 28 U.S.C. § 3205(a) allows a court to issue a writ of garnishment for property in the possession of a person other than the debtor in which the debtor has a substantial nonexempt interest.  *Id*. at § 3205(a).  "An objection to garnishment may only challenge exemptions to which [the defendant] might be entitled, and the government's compliance with the [Fair Debt Collection Practices Act.]."  *United States v. Whitt,* No. 11-50395, 2011 U.S. Dist. LEXIS 103153, at *2 ( E.D. Mich. Sept. 13, 2011) (citing *United States v. Pugh,* 75 F. App'x 546, 547 (8th Cir. 2003)).  And a debtor who contests a writ of garnishment bears the burden of showing he is entitled to an exemption.  *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

Thus, Defendant's recognition of the debt and his good intention to pay the restitution order over time, while admirable, do not preclude the continuing writ of garnishment.  Moreover, as the Government points out, on their face most of the exemptions claimed by Defendant do not apply to protect Defendant's interest in the IBEW Local 158 Annuity Fund.  The writ of garnishment has not attached any of Defendant's wearing apparel or school books; fuel, provisions, furniture or personal effects; books or tools of a trade, business or profession; unemployment benefits or undelivered mail.  Indeed, Defendant acknowledged during the hearing that he was not claiming these exemptions for the Annuity Fund but to protect against any future garnishments involving this property after he is released from prison.  Additionally, "Retirement accounts are not included in

the list of exempt property." *United States v. Wright*, No. 07-65-JBC, 2008 U.S. Dist. LEXIS

98251, at * 3 (E.D. Ky. Dec. 4, 2008). There is an exemption for "certain annuity and pension

payments," but it is limited to pensions arising under the Railroad Retirement Act and retirement

payments from certain military accounts. I.R.C. § 6334(a)(6). Here, Defendant's annuity payment

is based upon his employment as a certified electrician. Accordingly, Defendant has not met his

burden of establishing that any of the claimed exemptions apply.[2]

As the Government acknowledges, it is only able to garnish twenty-five percent of monthly

benefits, but is entitled to receive the lump sum, when and if Defendant is entitled to a cash-out

amount. (Pl. Resp. at Pg ID 32-33 (citing *United States v. DeCay,* 620 F.3d 534 (5th Cir. 2010)));

*see also Whitt*, 2011 U.S. Dist. LEXIS 103153, at *14 (ordering "garnishment of twenty-five percent

of Defendant's monthly payments [under his pension plan] until he is able to elect a lump-sum

payment; at that time, the United States . . . may force the election of that entire amount and garnish

it as well."). Defendant is not yet entitled to receive either a monthly benefit or a lump sum benefit

from the IBEW Local 158 Annuity Fund. According to the response from the EWJBT, "if all of the

other eligibility requirements for a separation benefit are first met, [Defendant] would be eligible

for a separation benefit from the Annuity Fund on October 1, 2012." (Dkt. 4, Pg ID 22-23.) If

Defendant is able to obtain employment and continues to make contributions to the fund, then the

---

[2]While not specifically raised by Defendant, the Court also notes that ERISA's anti-alienation provision does not preclude the Government from garnishing a defendant's pension benefits in order to enforce a restitution order. *United States v. Miller*, 588 F. Supp. 2d 789, 796 (E.D. Mich. 2008) ("This Court joins the ranks of several other federal courts, *see United States v. Irving*, 452 F.3d at 126 (noting that '[d]istrict courts across the country have found 18 U.S.C. § 3613(a) permits courts to consider ERISA protected assets in determining appropriate fines and restitution'), holding that ERISA presents no bar against enforcing restitution orders in criminal judgments by garnishing the defendant's pension plan distributions.").

United States will not receive any funds from the garnishment until a termination event occurs.

## III.    CONCLUSION AND RECOMMENDATION

For these reasons and those set forth on the record at the hearing, it is hereby RECOMMENDED that the objections of Defendant Thomas Ray Taylor to the Government's Application for Writ of Continuing Garnishment be DENIED.

## IV.    FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

/s Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: March 16, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 16, 2012.


s/Jane Johnson
Deputy Clerk